DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Webb Bunch Jr. appeals from the judgment of conviction in the Cuyahoga Falls Municipal Court after a jury found Bunch guilty of violating a civil protection order. This court affirms.
 I.
At some point in 1998, Bunch and his girlfriend Deborah Majka had separated. The couple had a son Nicholas, born June 5, 1996. On July 28, 1998, Deborah sought and obtained a temporary protection order (TPO) from the Summit County Domestic Relations Court. The TPO prohibited Bunch from having any contact with Deborah or Nicholas because Bunch had engaged in domestic violence. On August 14, 1998, following a full hearing on Deborah's petition, the court issued a civil protection order (CPO) pursuant to R.C. 3113.31, effective for five years. The trial court's CPO stated that the court found that Bunch "was served with the Petition and a notice of hearing and was afforded an opportunity to be heard." Service was attempted on Bunch by certified mail but it was unclaimed.
On December 27, 1998, Deborah and Nicholas went to the home of Bunch's stepmother to deliver Christmas gifts. Bunch arrived, and Deborah immediately left. As Deborah got her coat on to leave, Bunch asked her to stay. Deborah told Bunch that she had to leave because she had a CPO against Bunch. He allegedly responded, "I know." On November 23, 1999, Bunch approached the apartment building where Deborah lived. Deborah had just moved there a month earlier, after having separated from another boyfriend. Bunch learned from a mutual friend of the breakup, that Deborah's boyfriend had ordered her and Nicholas out of the house, and that Deborah had moved to her present apartment on Valley View Road in Macedonia. Bunch saw Deborah's car in the apartment parking lot, and asked two neighbors where Deborah lived. One neighbor pointed out Deborah's building, and Bunch went to the apartment and knocked on the door. Deborah was expecting someone else, and when she discovered Bunch, she immediately ordered him to leave, advised him that she was calling the police, and slammed the door. Bunch left immediately.
Deborah filed a complaint and Bunch was arrested a few weeks later for violating the CPO, a first-degree misdemeanor violation of R.C.2919.27(A)(1). The case proceeded to a jury trial in the Cuyahoga Falls Municipal Court. On March 21, 2000, the jury found Bunch guilty. The judge sentenced Bunch to ninety days in jail and fined him $500.00 plus costs. The judge suspended the sentence and $350.00 of the fine provided that Bunch would not repeat the offense or break any laws for one year.
Bunch filed the instant appeal and assigned one error.
 II. THE EVIDENCE PRESENTED BY THE STATE TO PROVE THAT MR. BUNCH VIOLATED THE CIVIL PROTECTIVE ORDER WAS INSUFFICIENT TO ESTABLISH THAT MR. BUNCH WAS ACTING RECKLESSLY, THEREBY VIOLATING MR. BUNCH'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, [SECTION] 16 OF THE OHIO CONSTITUTION.
When a court reviews the sufficiency of the evidence in a criminal conviction, the court is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
In the instant case, the prosecution was obliged to prove that Bunch (1) recklessly (2) violated a CPO issued pursuant to R.C. 3113.31. R.C.2919.27(A)(1).
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
R.C. 2901.22(C).
At trial, Deborah testified that she obtained the CPO in August 1998, and a certified copy of the order was admitted into evidence. The CPO was effective for five years from August 14, 1998. Deborah testified that when she saw Bunch in December 1998, she advised him that she could not remain in his presence because the court had issued a CPO. According to Deborah, Bunch replied, "I know." Bunch testified that he had never been served with or received a copy of the CPO. There was no evidence that service by regular mail was achieved after service could not be accomplished by certified mail. Bunch argues that because he was never served with a copy of the CPO, he cannot be said to have recklessly violated the CPO, because he could not be said to have disregarded "a known risk that [the CPO was] likely to exist." R.C. 2901.22(C).
However, the Revised Code does not require that service of a CPO be accomplished upon the person against whom a CPO is issued before the person can be found to have violated the order. Rather, R.C. 2919.27
requires that the prosecution prove beyond a reasonable doubt that defendant acted in disregard of a known risk that a CPO was likely to have existed against him. The prosecution proffered sufficient evidence of this culpable mental state via Deborah's testimony that she had previously advised Bunch that a CPO had been issued and Bunch responded, "I know."
Bunch testified that he was not served with the CPO. He did not testify that he did not know that a CPO likely existed. Bunch testified that he did not even know what a CPO was, but upon cross-examination he admitted that a temporary protection order had previously been issued against him and that he had visited Nicholas in violation of that TPO. Viewing the evidence in the light most favorable to the prosecution, Bunch had been advised by Deborah that a CPO had been issued to prevent Bunch from having contact with Deborah and Nicholas. Bunch knew that a CPO had been issued. Despite a known risk that it was likely that the CPO was still in effect, Bunch went to Deborah's house. This is sufficient to establish all the elements of R.C. 2919.27(A)(1).
The assigned error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J. CARR, J. CONCUR